# United States Court of Appeals for the Fifth Circuit

———————

No. 24-50758
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NICOLAS MONDRAGON-GONZALEZ,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-546-2

———————————————————————

Before BARKSDALE, OLDHAM, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Nicolas Mondragon-Gonzalez appeals from the sentence imposed following his guilty plea to conspiracy to transport illegal aliens (Count One), illegal-alien transportation resulting in death (Count Two), and two counts of transportation of illegal aliens (Counts Five and Nine), in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(I), and (B)(iv). The district court imposed,

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

*inter alia*, a within-Guidelines term of 480-months' imprisonment for Count Two. (Mondragon was sentenced to additional lesser sentences for Counts One, Five, and Nine, to be served concurrently with the Count Two sentence.)

Mondragon first challenges the substantive reasonableness of his 480-months' sentence as greater than necessary, contending: he "had no direct or immediate participation in" events leading to the fatal crash of a vehicle smuggling illegal aliens; and "the government was able to secure justice for the victims by punishing other parties who had far greater responsibility" than Mondragon.

We generally review the substantive reasonableness of a sentence for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 51 (2007); but, because Mondragon failed to preserve this claim in district court, review is only for plain error. *E.g.*, *United States v. Sepulveda*, 64 F.4th 700, 709 (5th Cir. 2023). Under that standard, Mondragon must show a plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Mondragon fails to show the requisite clear-or-obvious error. Although he contends he had "no direct or immediate participation in" events leading to the 15 March vehicle crash, the record shows he: hired a co-conspirator to transport illegal aliens on 15 March; specifically directed that co-conspirator as to where to pick up aliens for smuggling; and provided both vehicles used to transport aliens during the incident. To the extent he contests the validity of evidence in the record, the court was entitled to rely on the presentence investigation report (PSR) without additional inquiry

because Mondragon failed to offer any rebuttal evidence. *E.g.*, *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007) (district court may rely on PSR without additional inquiry if defendant does not present rebuttal evidence or otherwise demonstrate information in PSR unreliable).

In the alternative, under the less-deferential standard of review, Mondragon fails to rebut the presumption of reasonableness accorded to his properly-calculated, within-Guidelines sentence, especially in the light of the uncontradicted evidence showing his significant involvement in the events underlying the fatal incident. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). At most, Mondragon's contentions amount to a disagreement with how the relevant considerations were balanced, but we will not independently reweigh the 18 U.S.C. § 3553(a) sentencing factors or substitute our judgment for that of the district court. *E.g.*, *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.") (citation omitted).

Mondragon's other contention, that the court erred by using the but-for causation standard when applying the Sentencing Guideline § 2L1.1(b)(7)(D) adjustment also fails. *See* U.S.S.G. § 2L1.1(b)(7)(D) (providing for a ten-level enhancement where any person died during the smuggling of an unlawful alien). He correctly concedes this contention is foreclosed by our holding in *United States v. Ramos-Delgado*, 763 F.3d 398, 401–02 (5th Cir. 2014) (holding § 2L1.1(b)(7) adjustment may be applied if defendant is but-for cause of death and rejecting direct or proximate-causation standard). He raises the issue to preserve it for possible further review.

AFFIRMED.